IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Carlvern M. Dunn
Paula N. Graham-Dunn
11941 Saint Francis Way
Bowie, MD 20721
        Counter-Plaintiffs

    v.

Civil No: DKC 13-CV-2330

James E. Clarke
Atlantic Law Group LLC
1602 Village Market Boulevard SE
Suite 310
Leesburg, VA 20175

Renee Dyson
Atlantic Law Group LLC
1602 Village Market Boulevard SE
Suite 310
Leesburg, VA 20175

Shannon Menapace
Atlantic Law Group LLC
1602 Village Market Boulevard SE
Suite 310
Leesburg, VA 20175

Nationstar Mortgage
350 Highland Dr.
Lewisville, TX 75067

MERS, Inc.
PO Box 2026
Flint, MI 48501

First Home Mortgage Corporation
B003 Corporate Drive
Suite A
Baltimore, MD 21236
Counter Defendants



**VERIFIED OPPOSITION TO COUNTER DEFENDANTS NATIONSTAR AND MERS'
MOTION TO DISMISS COUNTERCLAIM**

## I.     INTRODUCTION

Counter Defendants' Motion to Dismiss (hereinafter "Motion") Counter Plaintiffs' counter

complaint (hereinafter "CC") ignores the well-pled specific factual allegations supporting their claims

and attempts to misstate their allegations in an effort to dismiss the claims. Through the instant lawsuit,

Mr. Dunn and Mrs. Dunn will establish that all Counter Defendants and their agents are not the true

creditors or agents of true creditors of the subject alleged "loan" or "mortgage" and as such have no

legal, equitable, or pecuniary right in this alleged debt obligation secured by the real property located at

11941 Saint Francis Way, Bowie, MD 20721 (hereinafter "Property").

Counter Defendants' Motion fails because the CC sets forth sufficient allegations, both legal and

factual, to establish a statement of the claims for which relief can be granted. Counter Plaintiffs have

sufficiently pleaded both plausible factual allegations, as well as legal claims, to enable their CC to move

forward. This is not the phase in litigation to resolve the contest between the facts or on the merits of

the case. In reviewing the sufficiency of the claims asserted, the issue is *not* whether Counter Plaintiffs

will ultimately prevail, but whether the Counter Plaintiff is entitled to offer evidence to support the

claims asserted. *See Scheuer* v. *Rhodes,* 416 US. 232, 236 (1974).

## II.     STATEMENT OF FACTS

1. On May 2, 2005, Mr. Dunn executed a promissory note ("Note") in favor of First Home
   Mortgage Corporation ("FHMC"), alleged Lender, in the amount of $468,000.00,
   allegedly secured by a deed of trust ("DOT") for the finance of the Property. The Deed of
   Trust identified David E. Waters and Anthony B. Olmert Sr. as Trustees and Mortgage
   Electronic Registration Systems, Inc. ("MERS") as both nominee and beneficiary under
   the security instrument.

2.  Counter Plaintiffs allege that shortly after origination FHMC sold the Note to an entity that is neither any of the Substitute Trustees, as a group or individually, nor Nationstar Mortgage LLC, Aurora Bank, FSB or Associated Bank, N.A. Interestingly, in a letter to Mr. Dunn dated May 31, 2012, Associated Bank stated that "after a thorough review of our account records, we are unable to locate any consumer mortgage loans for residential property in your name" and that they have "no records that indicate you are or were a customer of Associated Bank." However Counter Defendant Substitute Trustees filed an Affidavit of Note Ownership stating that Associated Bank, N.A. is the owner of the subject debt instrument.

3.  On or around June 22, 2012 Defendants or their agents caused a Corporate Assignment of Deed of Trust ("Assignment") to be filed in the land records of Prince George's County, Maryland, which was executed by Stacy Sandoz, purported "Vice-President" of MERS. The Assignment recites that "for value received" MERS, the Assignor, transferred to *Aurora* Bank, FSB, the Assignee, all its right title and interest in and to said Deed of Trust. Counter Plaintiffs allege no such transfer ever occurred based on the following:

4.  In its Motion to Dismiss this CC (*Document 30-1 page 8, paragraph 23*), MERS admits that "MERS has no interest in the property". However, having no interest in the property MERS still caused to be executed a Corporate Deed of Assignment. MERS' admission directly supports the Dunns' claim that the alleged Assignment is void or voidable. MERS appeared to be necessary party, in that it caused the Assignment to be executed and recorded, therefore MERS is a necessary party to this proceeding as well.

5.  Despite MERS' allegation that it should be dismissed as an unnecessary party because it has no interest in the chain of title, MERS is listed on the Deed of Trust as the Beneficiary. Direct from MERS' website it states that "the security instrument-the

mortgage or deed of trust- remains in the name of MERS". (See Exhibit "A" screen print

from FAQ on MERS website).

6.  Furthermore, while MERS purports to act as nominee and beneficiary, it is clear that

MERS has no ownership in the Note or Deed of Trust. The Courts have consistently

confirmed that MERS does not have any interest in underlying mortgage debts (see

Landmark National Bank v. Kesler, 289 Kan. 528, 216 P.3d. 158 (Kan. 2009). Direct from

the MERS website, they admit that they name people to sign documents in the name of

MERS:

   a.  "Servicers perform substitution of trustee and satisfactions just as they do

   without MERS except that they prepare these documents in the name of MERS

   since MERS is the Mortgagee of Record. "(See Exhibit "B" screen print from FAQ

   on MERS website).

7.  "Stacy Sandoz" lacked personal knowledge and corporate authority to sign the

Assignment on behalf of MERS since Stacy Sandoz is not and was not an employee of

MERS, but rather an Assistant Vice President at Aurora Bank FSB. (See Document 29

Exhibit A, a true and correct copy of Stacy Sandoz's LinkedIn profile). LinkedIn is a social

networking website geared towards companies and industry professionals. Stacy

Sandoz's LinkedIn profile reveals that she has worked as "Assistant Vice President" at

Aurora Bank FSB from June 1998 to Present. Finally MERS is based out of Virginia, yet

Stacy Sandoz, as its purported "Officer" signed the Assignment in Scottsbluff, Nebraska,

which is also where she is located and works for Aurora Bank FSB according the LinkedIn

profile. These facts lend further support to Counter Plaintiffs' position that Stacy Sandoz

is not an employee of MERS, but an Employee of Aurora Bank, FSB. The Assignment is

void.

8.  Interestingly, Stacy Sandoz, an employee of Aurora Bank FSB and not an employee of MERS, executed an Assignment, allegedly on behalf of MERS, to Aurora Bank FSB. In summary, an Aurora Bank agent executed the Assignment from MERS to Aurora Bank.

9.  These facts lend significant support to Counter Plaintiffs' position and gives rise to the plausibility that, MERS is a necessary party to this counter claim, that the recorded documents are invalid and nothing more than an attempt to carry out the foreclosure of Counter Plaintiffs' property under the guise of legality. Accordingly, Counter Plaintiffs seek a remedy for declaratory judgment against MERS in this regard.

10. The counter Defendant Substitute Trustees filed a foreclosure suit in the Circuit Court for Prince George's County, Maryland on July 22, 2013 entitled "*CDM v. Dunn*" Civil Action Number **CAE**F13-20966. As explained above, **t**he Affidavits filed as part of the suit raised many questions and concerns. Additionally, Counter Defendant Substitute trustees admitted in their Motion to dismiss this CC that the "owner of the debt" is not a party to the foreclosure, which seems to validate that no parties to the foreclosure have standing to foreclose. (*See Document 28-1 Para. 3*)Counter Defendant substitute trustees also stated in the Motion that "it is undisputed that Nationstar is the holder of the note, however Counter Plaintiffs specifically dispute the fact that any party to the foreclosure is the holder or owner of the note, and that the Affidavit of Ownership was executed and filed in bad faith pursuant to correspondence from Associated Bank that the Dunns do not and never did have an account with Associated Bank. (See exhibit "C" letter from Associated Bank).

11. The Dunns filed the instant counterclaim/third-party complaint[1] pursuant to Rule 13 of the Federal Rules of Civil Procedure which states in part that: (1) In General a pleading

---

[1] Nationstar was served on November 5, 2013 (see Exhibit "E" return receipt).

must state as a counterclaim any claim that-at the time of its service-the pleader has
against an opposing party if the claim: (A) arises out of the transaction or occurrence
that is the subject matter of the opposing party's claim. This was done in an attempt to
resolve the overarching questions: Who is the true owner of their Note and Deed of
Trust? Why and how can anyone other than the owner of the alleged debt attempt to
foreclose on Counter Plaintiffs' property? If the Courts have consistently confirmed that
MERS has no interest in the underlying mortgage debts, how can MERS assign interest in
a property in which it has no interest?

### III.    STANDARD FOR DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b) (6)

12. Motions to dismiss for failure to state a claim under Federal Rules of Civil Procedure,
Rule 12(b)(6) are viewed with disfavor, and accordingly, dismissals for failure to state a
claim are "rarely granted". *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246,249 (9th Cir. 1997).

13. The purpose of a motion under FRCP 12(b) (6) is to test the formal sufficiency of the
statement of the claim for relief in the complaint. The complaint must be construed in
the light most favorable to the nonmoving party and its allegations taken as true. *See
Scheuer v. Rhodes*, 416 U.S. 232,236 (1974). It is *not* a procedure for resolving a contest
about the facts or the merits of the case. In reviewing the sufficiency, the issue is not
whether the Plaintiff will prevail, but whether the Plaintiff is entitled to offer evidence
to support the claims asserted. *See Scheuer v. Rhodes*, 416 U.S. 232,236, 94 S. Ct. 1683,
40 L.Ed.2d 90 (1974).

14. Furthermore, more recently the Supreme Court has held that to survive a motion to
dismiss, a complaint must contain sufficient factual matter, accepted as true, which

would "state a claim to relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly*, 55 US 544 (2007).

15. The plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Twombly*, 550 U.S. at 556. Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.* at 1950; *see also Brockington v. Boykins*, 637 F.3d 503, 505-06 (4th Cir. 2011).

16. Furthermore, the common law authority of *Haines v Kerner*, 404 U.S. 519-421, states that pro se litigants are held to less stringent pleading standards than bar licensed attorneys. Regardless of the deficiencies in their pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their claims. In re *Platsky*: court errs if court dismisses the pro se litigant without instruction of how pleadings are deficient and how to repair pleadings. *See Platsky v. C.I.A.* 953 F.2d. 25.

## IV.     Counter Plaintiffs have Sufficiently Alleged an Actual Controversy Among the Parties to Maintain a Claim for Declaratory Relief

17. The foundation of Counter Plaintiffs' CC is a request that the Court determine the rights and obligations of the parties relative to the Property. Section 2201(a) of Title 28 of the United States Code expressly permits a party to bring a cause of action for Declaratory Relief: "In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

18. As to a controversy to invoke declaratory relief, the question is whether there is a "substantial controversy, between parties having adverse legal rights, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941). The United States Supreme Court further explained:

19. A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. .. The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests....It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

**20.** Here Counter Plaintiffs have alleged an actual case and controversy in connection with Counter Defendants' actions that are present, ongoing and undoubtedly will continue in the immediate future: MERS, having no interest in the Dunns' property, still executed a Corporate Assignment of Deed of Trust, and the Dunns specifically disputed that Nationstar is or ever can be the holder of the note because the Assignment executed by MERS is void, by MERS own admission, and Associated Bank has confirmed that it is not the lender. As such, Counter Plaintiffs have pled several "real and substantial" controversies between the parties warranting declaratory relief.

V.    **Counter Plaintiffs have Sufficiently Pled a Claim for Violation of 15 U.S.C. §1692e**

**("FDCPA")**

21. Astonishingly, Nationstar claims that it is not a debt collector (*Document 30-1 para 29*), however the written correspondence the Dunns received from Nationstar, such as the attached notice the Dunns received in June 2012, specifically states "Nationstar is a debt

collector." See Notice attached hereto as Exhibit D and incorporated by reference herein.

22. Counter Plaintiffs allege, quite simply, that Nationstar has violated the FDCPA in attempting to collect the alleged debt. The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a) (6). Here, the counter defendant Nationstar is in the business where its principal purpose is to collect the Counter Plaintiff's debt for the benefit of an unknown owner of the debt. These collection activities fall squarely within the FDCPA.  12 U.S.C. § 1692e (2) (A) (5). Counter Plaintiffs are not advancing a highly technical argument about the timing or nature of the debt collection activities; rather, Counter Plaintiffs' claims are based on the most basic requirement under the FDCPA that a creditor collecting payment must be a true creditor entitled to collect payment.

23. Here, Counter Plaintiffs have alleged that Counter Defendant Nationstar is not the true creditor and/or they are not collecting on behalf of a true creditor, and thus have no legal authority to demand or collect payments or take any other action. As a result, Counter Defendants' Motion to Dismiss this claim should be denied.

### VI.    Counter Plaintiffs Have Sufficiently Pled a Quasi-contract Claim

24. Under Maryland law, an unjust enrichment claim requires three elements: "(1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain

the benefit without the payment of its value." Abt. Assocs., Inc. v. JHPIEGO Corp., 104 F.
Supp. 2d 523, 535 (D.Md.2000). Counter Plaintiffs have alleged all three elements in this
case.

25. Counter Plaintiffs allege that they were not paying the true creditor because there was
no valid assignment that allowed the counter defendant Nationstar to collect on the
alleged debt obligation. And the true owner of the debt has yet to be verified. As such,
the Counter Defendants collected mortgage payments that they were not entitled to at
the expense of Counter Plaintiffs. Therefore, under the unjust enrichment theory,
Counter Plaintiffs have pled sufficient facts that Counter Defendants are required to
make restitution as a result of collecting their mortgage payments when they had no
authority to do so. As a result, Counter Defendants' Motion to dismiss the quasi-
contract claim should be denied.

### VII.    Counter Plaintiffs are Owed an Accounting

26. "A cause of action for an accounting requires a showing that a relationship exists
between the plaintiff and the defendant that requires an accounting, and that some
balance is due the plaintiff that can only be ascertained by an accounting." *Teselle v.
McLoughlin*, 173 Cal. App. 4th 156, 179 (2009).

27. There is additional case law precedence that supports Counter Plaintiffs' Accounting
claim: Claims of damages, to be admissible as evidence, must incorporate records such
as a general ledger and accounting of an alleged unpaid promissory note, the person
responsible for preparing and maintaining the account general ledger must provide a
complete accounting which must be sworn to and dated by the person who maintained
the ledger.  See *Pacific Concrete F.C.U. V. Kauanoe,* 62 Haw. 334, 614 P.2d 936 (1980),
*GE Capital Hawaii, Inc. v. Yonenaka* 25 P.3d 807, 96 Hawaii 32, (Hawaii App 2001), *Fooks*

*v. Norwich Housing Authority* 28 Conn. L. Rptr. 371, (Conn. Super.2000), and *Town of Brookfield v. Candlewood Shores Estates, Inc.* 513 A.2d 1218, 201 Conn.1 (1986). See also *Solon v. Godbole,* 163 Ill. App. 3d 845, 114 Ill. Dec. 890, 516 N. E.2d 1045 (3Dist. 1987).

28. Counter Defendants in this case have held themselves out to be Counter Plaintiffs' true creditor or mortgage servicer. As a result of this purported relationship, Counter defendant Nationstar has a fiduciary duty to Counter Plaintiffs to properly account for the payments made by the Counter Plaintiffs.

29. The amount of the money due from Counter Defendants to Counter Plaintiffs is unknown and cannot be ascertained without an accounting of the receipts and disbursements of the aforementioned transactions. The amount due to Counter Plaintiffs is to be determined through discovery and proven at trial. As previously alleged in the CC, due to counter Defendants' fraudulent behavior and misrepresentations, Counter plaintiff paid money to Counter Defendants that was not owed to them. Counter Plaintiffs stand to lose all of the money. Thus, at this preliminary stage of proceedings, Counter Plaintiffs have sufficiently alleged a cause of action for accounting. As such, Counter Defendant's Motion to dismiss this claim should be denied.

## VIII.    JUDICIAL NOTICE

30. Counter-Plaintiff Notices this court of foreign case citations and code per U.S. Const. Art. IV, § 1, and Md. Rule 5-201(d) Judicial Notice-A judicially noticed fact must be one not subject to reasonable dispute in that it is either known within the territorial jurisdiction of the trial court **or** capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

IX.    **CONCLUSION**

31. Counter Plaintiffs' Counter Complaint is well-pled and allows the Court to infer more

    than mere possibility of misconduct; in fact, when the Court accepts the factual

    allegations as true the Court can make a "reasonable inference" that all Counter

    Defendants are liable for misconduct. Although Counter Defendants do allege "factual"

    disputes in their Motion, this is not sufficient to support this motion to dismiss.

    Therefore, Counter Plaintiffs respectfully request this Court to DENY Counter

    Defendants' Motion in its entirety. To the extent the Court dismisses any claim or

    allegation; Counter Plaintiffs request the opportunity to amend the counter complaint

    to cure any deficiency, add additional causes of action or rename any causes of action.



Respectfully Submitted by:


Carlvern Dunn


Paula Graham-Dunn



[Verification Follows]

## **VERIFICATION**

STATE OF MARYLAND
COUNTY OF PRINCE GEORGE'S

BEFORE ME personally appeared Carlvern M. Dunn, who, being by me first duly sworn and identified in accordance with Maryland state law, deposes and says:
1. My name is Carlvern M. Dunn;
2. I have prepared, read and understood the attached foregoing Counter complaint filed herein, and each fact alleged therein is true and correct of my own personal knowledge.
3. FURTHER THE AFFIANT SAYETH NAUGHT

_____
Carlvern M. Dunn

BEFORE ME personally appeared Paula N. Graham-Dunn, who, being by me first duly sworn and identified in accordance with Maryland state law, deposes and says:
1. My name is Paula N. Graham-Dunn;
2. I have prepared, read and understood the attached foregoing Counter complaint filed herein, and each fact alleged therein is true and correct of my own personal knowledge.
3. FURTHER THE AFFIANT SAYETH NAUGHT

_____
Paula N. Graham-Dunn

Subscribed and sworn to (or affirmed) before me _____, Notary Public, on this 19th day of December., 2013, by Carlvern Dunn and Paula Dunn, who proved to me on the basis of satisfactory evidence to be the persons who appeared before me.

Signature: _____ Seal          My Commission Expires: 

MICHELLE S JORDAN
Notary Public-Maryland
Prince George's County
My Commission Expires
March 18, 2017

Prepared and respectfully submitted by,

_____

Carlvern M. Dunn
11941 Saint Francis Way
Bowie, MD 20721

_____

Paula N. Graham-Dunn
11941 Saint Francis Way
Bowie, MD 20721

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, under penalty of perjury, that a true and correct copy of the foregoing pleading was furnished to the Counter Defendants via USPS first class mail on or about December _20_ 2013 by:

_____

Carlvern M. Dunn


Rita Ting-Hopper, Esq.
MD #15541
Atlantic Law Group, LLC
1602 Village Market Blvd, SE, Suite 310
Leesburg, Virginia 20175